**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


Matthew Chigas

     v.                                  Civil No. 15-cv-457-LM
                                         Opinion No. 2016 DNH 094
Carolyn W. Colvin, Acting
Commissioner, Social
Security Administration


# O R D E R


Pursuant to 42 U.S.C. § 405(g), Matthew Chigas moves to reverse the Acting Commissioner's decision to deny his applications for Social Security disability insurance benefits, or DIB, under Title II of the Social Security Act, 42 U.S.C. § 423, and for supplemental security income, or SSI, under Title XVI, 42 U.S.C. § 1382.  The Acting Commissioner, in turn, moves for an order affirming her decision.  For the reasons that follow, this matter is remanded to the Acting Commissioner for further proceedings consistent with this order.


## I. Standard of Review

The applicable standard of review in this case provides, in pertinent part:

> The [district] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.  The findings of

> the Commissioner of Social Security as to any fact, if
> supported by substantial evidence, shall be conclusive
> . . . .

42 U.S.C. § 405(g) (setting out the standard of review for DIB

decisions); see also 42 U.S.C. § 1383(c)(3) (establishing §

405(g) as the standard of review for SSI decisions).  However,

the court "must uphold a denial of social security . . .

benefits unless 'the [Acting Commissioner] has committed a legal

or factual error in evaluating a particular claim.'"  Manso-

Pizarro v. Sec'y of HHS, 76 F.3d 15, 16 (1st Cir. 1996) (per

curiam) (quoting Sullivan v. Hudson, 490 U.S. 877, 885 (1989)).

## II. Background

The parties have submitted a Joint Statement of Material

Facts.  That statement, document no. 11, is part of the court's

record and will be summarized here, rather than repeated in

full.

Chigas stopped working in January of 2004.  His last job

was as a truck mechanic.

Chigas has an extensive record of seeking medical

treatment, typically in hospital emergency rooms, for back pain

and headaches.  He was last insured for DIB on March 31, 2009.

In September of 2011, he applied for both DIB and SSI, claiming

August 14, 2008, as the onset date of his disability.

The Disability Determination Explanation ("DDE") form associated with Chigas's claim for DIB notes that "[t]here is no indication that there is [any] medical or other opinion evidence."  Administrative Transcript (hereinafter "Tr.") 111. That form also observes that "[n]o RFC . . . assessments are associated with this claim."[1]  Id.  The DDE form concludes with the following Personalized Decision Notice ("PDN"):

> In order to be entitled for benefits, your condition
> must be found to be severe prior to 03/31/2009, when
> you were last insured for disability benefits.  The
> evidence in file is not sufficient to fully evaluate
> your claim and the evidence needed cannot be obtained.
> We have determined your condition was not disabling on
> any date through 03/31/2009, when you were last
> insured for disability benefits.  In deciding this, we
> considered the medical records, your statements, and
> how your condition affected your ability to work.

Tr. 112.

Like the DDE form associated with Chigas's claim for DIB, the DDE form associated with his SSI claim notes that "[t]here is no indication that there is medical or other opinion evidence," Tr. 111, and that "[n]o RFC . . . assessments are associated with this claim," id.

After the Social Security Administration denied Chigas's applications for DIB and SSI, he received a hearing before an

---

[1] "RFC" stands for "residual functional capacity," which is a term of art that means "the most [a claimant] can still do despite [his] limitations."  20 C.F.R. §§ 404.1545(a)(1) & 416.945(a)(1).

Administrative Law Judge ("ALJ").  The ALJ took testimony from a
medical expert, Dr. Bruce Witkind.  Dr. Witkind testified that
neither Chigas's back condition nor his headaches qualified as
disabling impairments under the applicable regulations.  With
regard to any limitations resulting from Chigas's impairments,
Dr. Witkind had this to say:

> I'm not able to identify any limitations.  If one
> wants to be cautious, there [are] some marginal
> changes on the MRI.  If you want to be cautious, you
> might put him at a medium level of work maximum, which
> would be 50-pound maximum lifting, pushing, pulling,
> carrying on an occasional basis, with a maximum of 25
> pounds lifting, pushing, pulling and carrying on a
> frequent basis.  There will not be any other
> restrictions.  For example, with regards to
> manipulation of the hands or feet or climbing stairs,
> he probably would not be able to climb ropes or
> scaffolds.

Tr. 46-47.

The ALJ issued a decision that includes the following
relevant findings of fact and conclusions of law:

> 3.  The claimant has the following severe impairments:
> headaches and degenerative disc disease (20 CFR
> 404.1520(c) and 416.920(c)).
>
> . . . .
>
> 4.  The claimant does not have an impairment or
> combination of impairments that meets or medically
> equals the severity of one of the listed impairments
> in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR
> 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925
> and 416.926).
>
> . . . .

    5.  After careful consideration of the entire record,
the undersigned finds that the claimant has the
residual functional capacity to perform medium work as
defined in 20 CFR 404.1567(c) and 416.967(c) except he
should never climb ladders, ropes, or scaffolds.

. . . .

    6.  The claimant is able to perform past relevant work
as a mechanic as generally performed (20 CFR 404.1565
and 416.965).

Tr. 25, 26, 29.

    After the ALJ issued his unfavorable decision, Chigas filed
a request for review with the Appeals Council.  While his appeal
was pending, Chigas submitted additional evidence to the Appeals
Council in the form of a "Headaches Medical Source Statement"
and a "Headaches Residual Functional Capacity Questionnaire,"
both filled out by Dr. Philip Savia.

    In his RFC Questionnaire, Dr. Savia stated that Chigas's
headaches first became severe on September 25, 2013, and that he
had been seeing Chigas about once a month since that date.  In
his Medical Source Statement ("MSS"), Dr. Savia indicated that
Chigas's headaches had lasted, or could be expected to last, at
least 12 months.  Returning to the RFC Questionnaire, Dr. Savia
indicated a diagnosis of chronic migraine headaches, occurring
daily.  When asked whether Chigas would need to take unscheduled
breaks during an eight-hour work day, Dr. Savia stated that the
question was not applicable because Chigas was not working.  He

did, however, opine that Chigas was incapable of low stress
jobs, and would be absent from work more than four days per
month due to his headaches or treatment for them.[2]

The Appeals Counsel received Chigas's new evidence and
responded to it this way:

> We also looked at the Headaches Medical Source
> Statement and Headaches Residual Functional Capacity
> Questionnaire completed by Dr. Savia dated March 19,
> 2015.  The Administrative Law Judge decided your case
> through June 26, 2014.  This new information is about
> a later time.  Therefore, it does not affect the
> decision about whether you were disabled beginning on
> or before June 26, 2014.

Tr. 2.  Ultimately, the Appeals Council denied Chigas's appeal.

## III. Discussion

### A. The Legal Framework

To be eligible for disability insurance benefits, a person
must: (1) be insured for such benefits; (2) not have reached
retirement age; (3) have filed an application; and (4) be under
a disability.  42 U.S.C. §§ 423(a)(1)(A)-(E).  To be eligible
for supplemental security income, a person must be aged, blind,
or disabled, and must meet certain requirements pertaining to
income and assets.  42 U.S.C. § 1382(a).  The questions in this

---

[2] He gave the same opinions in his MSS and further opined
that when Chigas had a headache, he "would . . . generally be
precluded from performing even basic work activities and [would]
need a break from the workplace."  Tr. 10.

case are whether Chigas was: (1) under a disability from August
14, 2008, through June 26, 2014, which would entitle him to SSI;
or (2) under a disability from August 14, 2008, through March
31, 2009, which would entitle him to DIB.

To decide whether a claimant is disabled for the purpose of
determining eligibility for either DIB or SSI benefits, an ALJ
is required to employ a five-step process.  See 20 C.F.R. §§
404.1520 (DIB) and 416.920 (SSI).

> The steps are: 1) if the [claimant] is engaged in
> substantial gainful work activity, the application is
> denied; 2) if the [claimant] does not have, or has not
> had within the relevant time period, a severe
> impairment or combination of impairments, the
> application is denied; 3) if the impairment meets the
> conditions for one of the "listed" impairments in the
> Social Security regulations, then the application is
> granted; 4) if the [claimant's] "residual functional
> capacity" is such that he or she can still perform
> past relevant work, then the application is denied; 5)
> if the [claimant], given his or her residual
> functional capacity, education, work experience, and
> age, is unable to do any other work, the application
> is granted.

Seavey v. Barnhart, 276 F.3d 1, 5 (1st Cir. 2001) (citing 20
C.F.R. § 416.920).

The claimant bears the burden of proving that he is
disabled.  See Bowen v. Yuckert, 482 U.S. 137, 146 (1987).  He
must do so by a preponderance of the evidence.  See Mandziej v.
Chater, 944 F. Supp. 121, 129 (D.N.H. 1996) (citing Paone v.
Schweiker, 530 F. Supp. 808, 810-11 (D. Mass. 1982)).  Finally,

> [i]n assessing a disability claim, the [Acting
> Commissioner] considers objective and subjective
> factors, including: (1) objective medical facts; (2)
> [claimant]'s subjective claims of pain and disability
> as supported by the testimony of the [claimant] or
> other witness; and (3) the [claimant]'s educational
> background, age, and work experience.

Mandziej, 944 F. Supp. at 129 (citing Avery v. Sec'y of HHS, 797

F.2d 19, 23 (1st Cir. 1986); Goodermote v. Sec'y of HHS, 690

F.2d 5, 6 (1st Cir. 1982)).

B. Chigas's Claims

Chigas claims that the Appeals Council erred by failing to

consider the evidence he submitted after the ALJ rendered his

decision.  He also claims that the ALJ erred by: (1)

determining, at step three, that his degenerative disc disease

did not meet or equal the severity of a listed impairment; and

(2) failing to properly weigh the medical opinions when

determining his RFC.  Chigas's first argument is persuasive, and

dispositive.

The manner in which the Appeals Council is to consider

evidence submitted after an ALJ renders a decision is described

in the following regulation:

> If new and material evidence is submitted, the
> Appeals Council shall consider the additional evidence
> only where it relates to the period on or before the
> date of the administrative law judge hearing decision.
> The Appeals Council shall evaluate the entire record
> including the new and material evidence submitted if
> it relates to the period on or before the date of the
> administrative law judge hearing decision.  It will

> then review the case if it finds that the
> administrative law judge's action, findings, or
> conclusion is contrary to the weight of the evidence
> currently of record.

20 C.F.R. §§ 404.970(b) & 416.1470(b).  The court of appeals has
"assume[d] that the Appeals Council's refusal to review [is]
effectively unreviewable if no reason [is] given for the
refusal."  Mills v. Apfel, 244 F.3d 1, 6 (1st Cir. 2001).  On
the other hand, however, "an Appeals Council refusal to review
the ALJ may be reviewable where it gives an egregiously mistaken
ground for this action," id. at 5.  That is what happened in
this case.

Typically, when the Appeals Council declines to review an
ALJ's decision in the face of newly submitted evidence, it
explains its decision in terms of the weight or materiality of
the new evidence.  See, e.g., Mills, 244 F.3d at 6; Saenz v.
Colvin, 61 F. Supp. 3d 195, 204-06 (D. Mass. 2014).  Here, by
contrast, the Appeals Council declined to review the ALJ's
decision based upon its determination that the new evidence
pertained to a time period after the date of the ALJ's decision,
i.e., June 26, 2014.  That was an egregious mistake.

On the top of the first page of Dr. Savia's RFC
Questionnaire, he indicated that Chigas's impairment was severe
as of September 25, 2013, approximately nine months before the
ALJ's decision.  The Acting Commissioner argues that Chigas

erroneously characterizes the Questionnaire as retrospective,
suggesting that Chigas places inappropriate weight on Dr.
Savia's statements about the frequency and length of his
treatment relationship.  But, the Acting Commissioner ignores
Dr. Savia's express statement about Chigas's condition in
September of 2013.  That statement is plainly retrospective, and
the fact that Dr. Savia also made statements about Chigas's
condition after the date of the ALJ's decision does nothing to
undermine the retrospective character of his 2015 statement
about Chigas's condition in 2013.  Thus, this case stands apart
from those on which the Acting Commissioner relies, where the
evidence the Appeals Council declined to consider had no
retrospective quality.  See, e.g., Deblois v. Sec'y of HHS, 686
F.2d 76, 80 (1st Cir. 1982); Whitehead v. Astrue, Civ. No. 11-
11292-RWZ, 2012 WL 5921045, at *6 (D. Mass. Nov. 26, 2012);
Miller ex rel. K.M. v. Astrue, Civ. No. 2009-12018-RBC, 2011 WL
2462473, at *14 (D. Mass. June 16, 2001).

        Finally, after characterizing Dr. Witkind's hearing
testimony as supportive of the ALJ's decision, the Acting
Commissioner argues that

        even if the March 2015 assessment is favorable to
        [Chigas], record evidence that was actually before the
        ALJ at the time of the decision supports his findings,
        and Plaintiff therefore has not shown that the Appeals
        Council was egregiously mistaken by finding that the

> March 2015 assessment did not provide a basis for
> changing the ALJ's decision.

Doc. no. 9-1, at 9.  In support of that argument, the Acting
Commissioner cites Roberson v. Colvin, No. 13-cv-265-JD, 2014 WL
243244 (D.N.H. Jan. 22, 2014).  In Roberson, "the Appeals
Council denied Roberson's request for review, stating that the
additional evidence taken alone or in combination with the
record evidence did not show a reasonable probability that the
outcome would be different."  Id. at *3.  Here, the Appeals
Council did no such thing; it declined even to perform the
analysis described in Roberson on grounds that Chigas's new
evidence did not pertain to the appropriate time period.  In
other words, Roberson does not apply to the circumstances of
this case.  More importantly, while the Acting Commissioner now
argues that Chigas's new evidence was not reasonably likely to
have caused the ALJ to reach a different decision, the Appeals
Council did not say that, and the court is not inclined to
affirm the Appeals Council under a rationale that the Appeals
Council did not articulate itself.  Cf. Gilbert v. Colvin, No.
14-cv-553-LM, 2015 WL 3755118, at *6 (D.N.H. June 16, 2015) ("it
is not for the Acting Commissioner to make arguments in support
of the ALJ's decision that the ALJ did not make") (citing Gurney
v. Soc. Sec. Admin. Comm'r, 880 F. Supp. 2d 174, 178 (D. Me.
2012); Fortin v. Astrue, No. 10-cv-441-JL, 2011 WL 2295171, at

*8 (D.N.H. May 18, 2011), R. & R. adopted by 2011 WL 2224771
(D.N.H. June 7, 2011)).

Because the Appeals Council committed an egregious mistake
by determining that Chigas's new evidence pertained exclusively
to a time after the ALJ's decision, this case must be remanded.
Accordingly, the court need not reach Chigas's other claims of
error.

### IV. Conclusion

For the reasons given, the Acting Commissioner's motion for
an order affirming her decision, document no. 9, is denied, and
Chigas's motion to reverse that decision, document no. 7, is
granted to the extent that the case is remanded to the Acting
Commissioner for further proceedings, pursuant to sentence four
of 42 U.S.C. § 405(g).  The clerk of the court shall enter
judgment in accordance with this order and close the case.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

June 6, 2016

cc:  Brenda M. Golden Hillisey, Esq.
     T. David Plourde, Esq.